# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| In re:<br><br>TAYLOR BEAN & WHITAKER MORTGAGE CORP., *et al.*,<br>               Debtors.<br><br>NICHOLAS A. CALLAHAN, JULIE WHITEAKER, ERIC E. ANDERSON, CHRIS ESCANDON, CHARLES VAN HARTSELL III, DEBRA ORLANDO, DEZI TEIANN JESSOP, WILLIAM P. HICKEY III and TANJANIKA CARTER, on behalf of themselves and all others similarly situated,<br>               Plaintiffs,<br>v.<br><br>TAYLOR BEAN & WHITAKER MORTGAGE CORP.,<br>               Defendant. | Chapter 11<br>Case No. 09-07047 JAF<br><br><br>Adv. Case. No.<br><br>**ADVERSARY CLASS ACTION COMPLAINT** |

NICHOLAS A. CALLAHAN, ERIC E ANDERSON, JULIE WHITEAKER, CHRIS ESCANDON, LATRESE BOOTH, CHARLES VAN HARTSELL III, DEBRA ORLANDO, DEZI TEIANN JESSOP, WILLIAM P. HICKEY III and TANJANIKA CARTER ("Plaintiffs") allege on their own behalf and the class of those similarly situated[1] former employees of Defendant by way of their Complaint against TAYLOR, BEAN & WHITAKER MORTGAGE CORP., d/b/a Maslow Insurance Agency, LLC, d/b/a Security One Valuation Services, LLC, d/b/a Platinum Community Bank and other related entities ("Defendant"), by and through their counsel as follows:

---

[1] The undersigned counsel has presently been directly retained by over 600 former employees of Taylor Bean & Whitaker and its subsidiaries.

## NATURE OF THE ACTION

1. Defendant operated one the largest wholesale mortgage lending companies in the nation, employing more than 3,000 employees within the United States. Plaintiffs worked in various capacities for Defendant until they were terminated without notice by Defendant on or about August 5, 2009.

2. The Plaintiffs bring this action on behalf of themselves, and the other similarly situated former employees who worked for Defendant, and who were terminated without cause, as part of, or as the result of, mass layoffs or plant closings ordered by Defendant on or about August 5, 2009 and within thirty (30) days of that date, and who were not provided 60 days advance written notice of their terminations by Defendant, as required by the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 *et seq*.

4. Plaintiffs and all similarly situated employees seek to recover 60 days wages and benefits, pursuant to 29 U.S.C. § 2104, from Defendant. Defendant is liable under the WARN Act for Defendant's failure to provide Plaintiffs and the other similarly situated former employees at least 60 days' advance written notice of termination, as required by the WARN Act. Plaintiffs' claims, as well as the claims of all similarly situated employees, are entitled to first priority administrative expense status pursuant to the United States Bankruptcy Code § 503(b)(1)(A).

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this adversary pursuant to 28 U.S.C. §§ 157, 1331, 1334, 1367 and 29 U.S.C. § 2104(a)(5).

4. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B) and (O).

5. The violation of the WARN Act alleged herein occurred in this district.

6. Venue in this Court is proper pursuant to 29 U.S.C. § 2104(a)(5).

## THE PARTIES

*Plaintiffs*

6. Plaintiff Callahan resides in the County of Duval, Florida.

7. Plaintiff Callahan was employed by Defendant, and worked at the Defendant's facility located at 315 NE 14th Street, Ocala, Florida (the "Ocala Facility") until his termination on or about August 5, 2009.

8. Plaintiff Whiteaker resides in the County of Marion, Florida.

9. Plaintiff Whiteaker was employed by Defendant, and worked at the Defendant's facility located at 315 NE 14th Street, Ocala, Florida (the "Ocala Facility") until her termination on or about August 5, 2009.

10. Plaintiff Anderson was employed by Defendant, and worked at the Defendant's facility located at 200 Crowne Point Place, Cincinnati, Ohio (the "Cincinnati Facility") until his termination on or about August 5, 2009.

11. Plaintiff Escandon was employed by Defendant, and worked at the Defendant's facility located at 9085 E. Mineral Circle #160, Centennial, Colorado (the "Centennial Facility") until his termination on or about August 5, 2009.

12. Plaintiff Van Hartsell was employed by Defendant, and worked at the Defendant's facility located at 369 W. Evans Street, Florence, South Carolina (the "Florence Facility") until his termination on or about August 5, 2009.

13. Plaintiff Orlando was employed by Defendant, and worked at the Defendant's facility located at 1760 The Exchange, Suite 200, Atlanta, Georgia (the "Atlanta Facility") until her termination on or about August 5, 2009.

14. Plaintiff Jessop was employed by Defendant, and worked at the Defendant's facility located at 6875 South 900 E., Midvale, Utah (the "Midvale Facility") until her termination on or about August 5, 2009.

15. Plaintiff Hickey was employed by Defendant, and worked at the Defendant's facility located at 35 Braintree Hill Office Park #402, Braintree, Massachusetts (the "Braintree Facility") until his termination on or about August 5, 2009.

16. Plaintiff Carter was employed by Defendant, and worked at the Defendant's facility located at 1 South 443 Summit, Suite 204, Oakbrook Terrance, Illinois (the "Oakbrook Facility") until her termination on or about August 5, 2009.

*Defendant*

17. Upon information and belief at all relevant times, Defendant maintained and operated its business at the Ocala Facility and maintained and operated additional facilities including Tampa and other locations in Florida; Atlanta and Lawrenceville, Georgia; Cincinnati, Ohio; Centennial, Colorado; Florence, South Carolina; Midvale, Utah; Braintree, Massachusetts; and Oakbrook Terrace, Illinois, as that term is defined by the WARN Act, throughout the United States (collectively the "Facilities").

18. Upon information and belief and at all relevant times, Defendant Taylor Bean & Whitaker Mortgage Corp., is a Florida company with its principal place of business located at 315 NE 14th Street, Ocala, Florida and conducted business in this district.

19. Taylor Bean & Whitaker owned and operated subsidiaries doing business under names such as Maslow Insurance Agency LLC, Security One Valuation Services, LLC and Platinum Community Bank, (collectively "Defendant".)

20. Until on or about August 5, 2009, the Plaintiffs and all similarly situated employees were employed by Defendant and worked at or reported to one of its Facilities.

21. Upon information and belief and at all relevant times, Defendant owned and operated the Facilities in Ocala, Florida, Lawrenceville, Georgia, Atlanta, Georgia, Cincinnati, Ohio, Centennial, Colorado, Florence, South Carolina, Midvale, Utah, Braintree, Massachusetts and Oakbrook Terrace, Illinois, and additional facilities throughout the United States.

22. Until August 5, 2009, the Plaintiffs and the other similarly situated former employees were employed by Defendant and worked at or reported to one of the Facilities.

23. Upon information and belief, Defendant made the decision to terminate the employees.

24. On August 10, 2009, Plaintiff, NICHOLAS A. CALLAHAN, on behalf of himself and all others similarly situated, filed his Class Action Complaint against Defendant in the United States District Court for the Middle District of Florida, Case No. 09-CV-346-OC-256RJ.

25. On August 24, 2009, Defendant filed voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code.

## FACTUAL ALLEGATIONS, 29 U.S.C. § 2104

26. Plaintiffs bring this action on their own behalf and on behalf of all other similarly situated former employees of Defendant who worked at or reported to one of the Facilities and were terminated without cause on or about August 5, 2009 and within 30 days of that date, or as the reasonably foreseeable consequence of the mass layoffs or plant closings ordered by Defendants on that date, pursuant to 29 U.S.C. § 2104(a)(5).

27. At or about the time of the aforementioned terminations, Defendant terminated between 1,000–3,000 other similarly situated employees at the Facilities (the "other similarly situated former employees").

28. Pursuant to 29 U.S.C. § 2104(a)(5), the Plaintiffs maintain this action on behalf of themselves and on behalf of each of the other similarly situated former employees.

29. Each of the other similarly situated former employees is similarly situated to the Plaintiffs in respect to his or her rights under the WARN Act.

30. The Plaintiffs and the other similarly situated former employees are "affected employees" within the meaning of 29 U.S.C. § 2101(a)(5).

31. Defendant was required by the WARN Act to give the Plaintiffs and the other similarly situated former employees at least 60 days advance written notice of their respective terminations.

32. Prior to their termination, neither the Plaintiffs nor the other similarly situated former employees received written notice that complied with the requirements of the WARN Act.

33. Defendant failed to pay the Plaintiffs and the other similarly situated former employees their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for sixty (60) calendar days following their respective terminations and failed to make 401(k) contributions and provide them with health insurance coverage and other employee benefits under ERISA for 60 calendar days from and after the dates of their respective terminations.

## CLASS ACTION ALLEGATIONS, F.R.C.P. 23

34. Plaintiffs sue under the Federal Rules of Civil Procedure, 23(a) and (b), on behalf of themselves and a class of persons who worked at or reported to one of Defendant's Facilities and were terminated without cause on or about August 5, 2009, and within 30 days of that date, or were terminated without cause as the reasonably foreseeable consequence of the mass layoffs and/or plant closings ordered by Defendant on or about August 5, 2009, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (the "Class").

35. The persons in the Class identified above ("Class Members") are so numerous that joinder of all members is impracticable. Based on information and belief, the number of similarly situated Class Members is between 1,000–3,000. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

36. On information and belief, the identity of the members of the class and the recent residence address of each of the Class Members is contained in the books and records of Defendant.

37. On information and belief, the rate of pay and benefits that were being paid by Defendants to each Class Member at the time of his/her termination is contained in the books and records of the Defendant.

38. The claims of the Plaintiffs are typical of the claims of the Class. The Plaintiffs were terminated under the same circumstances as were the similarly-situated Class Members in the company-wide shut down of most of Defendant's operations on August 5, 2009.

39. The Plaintiffs will fairly and adequately protect the interests of the Class. They understand that they represent the interests of all Class Members and are prepared to actively participate in the litigation.

40. The Plaintiffs have retained counsel competent, experienced in complex class action employment litigation. The firm of Outten & Golden LLP has been found by several courts to be qualified, experienced, and able to conduct class action litigation of employment claims on behalf of plaintiffs.

41. A class action is superior to other available methods for the fair and efficient adjudication of this controversy – particularly in the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

42. Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will avoid multiplicity of suits, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

43. There are questions of law and fact common to the Class Members that predominate over any questions solely affecting individual members of the Class, including but not limited to:

    (a) whether the Class Members were employees of the Defendant who worked at or reported to Defendant's Facilities;

    (b) whether Defendant terminated the employment of the Class Members without cause on their part and without giving them 60 days advance written notice; and

(c) whether Defendant paid the Class members 60 days wages and benefits as required by the WARN Act.

## CLAIM FOR RELIEF

44. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

45. At all relevant times, Defendant employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

46. At all relevant times, Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a).

47. At all relevant times, Plaintiffs and the other similarly situated former employees were employees of Defendant as that term is defined by 29 U.S.C. §2101.

48. On or about August 5, 2009, Defendant ordered mass layoffs and/or plant closings at the Facilities, as that term is defined by 29 U.S.C. § 210l(a)(2).

49. The mass layoffs and/or plant closings at the Facilities resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty of Defendant's employees as well as 33% of Defendant's workforce at the Facilities, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2l01(a)(8).

50. The Plaintiffs and the Class Members were terminated by Defendant without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoff or plant closing ordered by Defendant at the Facilities.

51. The Plaintiffs and the Class Members are "affected employees" of Defendant, within the meaning of 29 U.S.C. § 210l(a)(5).

52. Defendant was required by the WARN Act to give the Plaintiffs and the Class Members at least 60 days advance written notice of their terminations.

53. Defendant failed to give the Plaintiffs and the Class members written notice that complied with the requirements of the WARN Act.

54. The Plaintiffs are, and each of the Class Members are, "aggrieved employees" of the Defendant as that term is defined in 29 U.S.C. § 2104 (a)(7).

55. Defendant failed to pay the Plaintiffs and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and failed to make the pension and 401(k) contributions and provide employee benefits under ERISA, other than health insurance, for 60 days from and after the dates of their respective terminations.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiffs, individually and on behalf of all other similarly situated persons, pray for the following relief as against Defendant:

A. Certification that, pursuant to Fed. R. Civ. P. 23 (a) and (b) and 29 U.S.C. § 2104(a)(5), Plaintiffs and the other similarly situated former employees constitute a single class;

B. Designation of the Plaintiffs as Class Representatives;

C. Appointment of the undersigned attorneys as Class Counsel;

D. A judgment in favor of the Plaintiffs and each of the "affected employees" equal to the sum of: their unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for 60 days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period, all determined in

accordance with the WARN Act, 29 U.S.C. § 2104(a)(1)(4); an administrative expense claim against the Debtor, pursuant to 11 U.S.C. § 503(b)(1)(A)(ii), in favor of the Plaintiffs and the Class members who were terminated on or about August 5, 2009, equal to the above sums or alternatively, determining that the first $10,950 of the WARN Act claims of the Plaintiffs and each other Class Member is entitled to priority status, under 11 U.S.C. § 507(a)(4), (5), and the remainder as a general unsecured claim.

E. Interest as allowed by law on the amounts owed under the preceding paragraph;

F. Plaintiffs' reasonable attorneys' fees and the costs and disbursements that the Plaintiffs incurred in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104(a)(6); and

G. Such other and further relief as this Court may deem just and proper.

Dated: August 24, 2009

Respectfully submitted,

By: \_\_\_\_/s/\_Roger J. Haughey, II_____
Roger J. Haughey, II, Esq.
rhaughey@sbwlegal.com
Florida Bar No. 0123617
Melissa A. Givens
mgivens@sbwlegal.com
Florida Bar No. 37807
**Sivyer Barlow & Watson, P.A.**
401 E. Jackson Street, Suite 2225
Tampa, Florida 33602
Telephone: (813) 221-4242
Facsimile: (813) 227-8598

-AND-

Jack A. Raisner
René S. Roupinian

**Outten & Golden LLP**
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000
Email: jar@outtengolden.com
Email: rroupinian@outtengolden.com

*Attorneys for Plaintiffs and the putative Class*